UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN ROSS MCKINNEY                                                                                    PLAINTIFF

       v.               Civil No.6:15-CV-06077-PKH-BAB

ROBBIE PLYLER (Lt. CID, Clark County                                                      DEFENDANTS
Sheriff's Office), BRIAN DANIEL (Sgt.
CID, Clark County Sheriff's Office), BECKY
USSERY (Domestic Violence, Clark County
Courthouse)

**OPINION**

     Plaintiff, John Ross McKinney, submitted this pro se action for filing on June 22, 2015, in the Eastern District of Arkansas. (Doc. 2). Plaintiff filed an amended complaint on July 13, 2015. (Doc. 5). The case was properly transferred to this District on July 21, 2015. (Doc. 7). Currently before the Court is Defendants' motion to dismiss. (Doc. 20).

I.     BACKGROUND

     Plaintiff is currently not incarcerated. Plaintiff alleges Defendants violated his constitutional rights when they arrested and charged him with Felony Domestic Battery against his wife, Amber McKinney, because he was the actual victim of the domestic battery. (Doc. 5.). Specifically, Plaintiff alleges he was arrested at the emergency room when he sought treatment for a cracked rib, black eye, upper and lower "busted lips," large head contusion, and possible concussion. (Doc. 5, pp. 3-4). He alleges the Defendants did not interview him or take any photographs of his injuries, even though his injuries were much more serious than Amber McKinney's. At the same time, he alleges the photographs Defendant Ussery took of Amber McKinney (formerly Amber Inez Williams (Doc. 5, p. 7)) showed her injuries were fabricated to ensure his "illegal detainment." He alleges there was no evidence showing him to be guilty. He

alleges Defendants did not investigate before illegally detaining him. (Doc. 5, pp. 4-5). Plaintiff further alleges the arrest resulted in him not receiving the medical attention he needed. (Doc. 5, p. 4). Plaintiff further alleges Amber Inez Williams had a history of violent domestic disputes, and provided a newspaper clipping of an altercation between himself and Amber Inez Williams prior to their marriage. In the article, she was noted to be the aggressor in the domestic assault and had further promoted violence in front of a juvenile. (Doc. 5, p. 10).

Plaintiff proceeds against all Defendants in both their official and personal capacity. (Doc. 5, p. 2). Plaintiff requests "total exoneration of current charges" and compensation for every day of incarceration. (Doc. 5, p. 6).

Defendants filed their motion to dismiss on March 3, 2016, arguing Plaintiff's claims were barred by the *Heck* doctrine. (Doc. 20). Plaintiff responded on March 26, 2016, reiterating that his constitutional rights had been violated by the investigation, arrest, detention, and criminal prosecution. He further argues Defendants had no probable cause to charge him with domestic battery. (Doc. 26, p. 2). He further stated his case had been remanded[1] back to the Clark County District Court by the Circuit Court. (Doc. 26, p. 3).

Defendants replied to Plaintiff's response on March 30, 2016, arguing a remand did not change the *Heck* analysis, because Plaintiff's case had not yet been reversed, expunged, or

---

[1] The Court researched the procedural history of the Plaintiff's case in the Arkansas Circuit and District courts in Clark County. Plaintiff was not convicted of the charge, and there were no appeals to the Arkansas Court of Appeals. Therefore his case was not actually remanded, as stated by Plaintiff. Plaintiff's case was first filed in the Clark County Circuit court as a felony. The State amended the charge to a misdemeanor, which required transfer to the Clark County District court for jurisdictional reasons. The case was transferred from Circuit court to District court on March 17, 2016, in *State v. John Ross McKinney*, No. 10CR-15-39 (Ark. Cir. Ct. March 17, 2016). A nolle prosequi order dismissing the case was signed on September 28, 2016, in *State v. John R. McKinney*, No. ADS-16-495 (Ark. Dist. Ct. September 28, 2016).

invalidated. (Doc. 29). Plaintiff responded on November 9, 2016, stating his case had been nolle prossed at the remand. (Doc. 30). Defendants did not reply to this response.

**LEGAL STANDARD**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

**II.   DISCUSSION**

Defendants argue Plaintiff's case should be dismissed because it is barred by the *Heck* doctrine. They have not provided any argument concerning the merits of Plaintiff's claims after the nolle prosequi order was entered and Plaintiff's state court case dismissed.

Plaintiff's case is no longer pending in Arkansas state court, therefore this Court is not required to abstain from hearing it. Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901,

903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 Fed. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("federal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.") (internal quotations omitted)).

Plaintiff was not actually convicted of any criminal charge in this case, therefore the *Heck* doctrine does not apply. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. If there is no sentence or conviction, then *Heck* does not apply. *See Wilkins v. DeReyes*, 528 F.3d 790, 801, n.6 (10th Cir. 2008) (citing *Wallace v. Kato,* 127 S. Ct. at 1097–98 (2007) ("[T]he *Heck* favorable termination requirement does not apply to false arrest claims in the absence of an existing conviction." ); *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("*Heck* does not apply absent a conviction"); *Magana v. County of San Diego*, 835 F. Supp. 2d 906, 910 (S.D. Cal. 2011) (the "existence of an actual conviction is a condition *sine qua non* for the application of the *Heck* bar").

Plaintiff's allegations concerning improper procedures and lack of evidence concerning investigation, probable cause for arrest, and his subsequent detention, at least at this juncture, state

4

cognizable individual capacity claims under § 1983. *See e.g. Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 672 (8th Cir. 2007) (intentional or reckless investigation can rise to the level of constitutional violation); *Davis v. Hall*, 375 F.3d 703, 717 (8th Cir. 2004) (prolonged detention can rise to the level of constitutional violation with the requisite state of mind). Plaintiff further alleged denial of medical care, which also states a cognizable individual capacity claim under § 1983.

Plaintiff has not, however, stated any cognizable official capacity claims. Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

Plaintiff has not made any allegations which could be interpreted as identifying a custom or policy of Clark County which violated his rights. He therefore failed to state a cognizable official capacity claim against Clark County.

### III.   CONCLUSION

For these reasons, Defendants' motion to dismiss (Doc. 20) should be GRANTED as to Plaintiff's official capacity claims and DENIED as to Plaintiff's individual capacity claims.

IT IS SO ORDERED this 9th day of February, 2017.

/s/ P. K. Holmes, III
HON. P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE